United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10542
Summary Calendar

_____

CLAUDIO ANTONIO DAVALOS,

Plaintiff-Appellant,

versus

FNU WHEELER, FNU WHIDDEN, Captain; FNU SMITH, Sergeant;
N. BRUNSON, R.N.; G. ANDERSON, R.N.,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-219
---------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Claudio Antonio Davalos, Texas prisoner # 1082702,
proceeding pro se and in forma pauperis (IFP), appeals the
magistrate judge's dismissal of his 42 U.S.C. § 1983 civil rights
action against Texas Department of Criminal Justice –
Institutional Division (TDCJ-ID) officers Wheeler, Whidden, and
Smith and Nurses Brunson and Anderson as frivolous.

Davalos's appellate brief is disjointed and confusing.
However, liberally construed, it contends that the officers and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nurses acted with deliberate indifference to his medical needs when they gave him a work assignment that was contrary to prior work classifications stating that he should not work in direct sunlight. Liberally construed, Davalos's brief also contends that the officers and nurses acted with deliberate indifference to his medical needs when they did not allow him to wear his clip-on sunglasses indoors. Because Davalos conceded in his complaint and at the Spears hearing that Captain Whidden, Warden Wheeler, and Sergeant Smith acted in accordance with the recommendations of Nurse Brunson and Nurse Anderson when they refused to allow him to wear his sunglasses indoors and when they ordered him to work outdoors with sunglasses, there is no indication that the officers knew that Davalos faced any risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). Furthermore, because Nurse Brunson's and Nurse Anderson's decisions did not conflict with Davalos's eye doctor's evaluation, their medical decisions would amount to negligence at the most and are insufficient to establish an unconstitutional denial of medical care. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

To the extent that Davalos is claiming that prison officers and medial staff conspired or retaliated against him for filing grievances, his conclusory assertions are not sufficient to establish such a claim. See Woods v. Smith, 60 F.3d 1161, 1166

(5th Cir. 1995); <u>Lynch v. Cannatella</u>, 810 F.2d 1363, 1369-70 (5th Cir. 1987).

Davalos's appeal is without arguable merit and is thus frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we dismiss his appeal as frivolous. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). Davalos is warned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.